IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION


LACEY M. CORBIN                                                  PLAINTIFF


v.                                CIVIL NO. 25-3065


FRANK BISIGNANO, Commissioner
Social Security Administration                                  DEFENDANT


**MEMORANDUM OPINION**

Plaintiff, Lacey M. Corbin, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed her current application for SSI on August 13, 2021, alleging an inability to work due to Graves' disease, depression, anxiety, deteriorating disc disease, bulging discs, arthritis and neck and back issues. (Tr. 104). An administrative video hearing was held on June 8, 2023, at which Plaintiff appeared with counsel and testified. (Tr. 40-67).

In a written decision dated August 14, 2023, the ALJ determined Plaintiff retained the residual functional capacity (RFC) to perform sedentary work with limitations. (Tr. 122-132). On January 30, 2024, the Appeals Council vacated the ALJ's decision dated August 14, 2023, and remanded Plaintiff's case back to the ALJ to issue a new decision. (Tr. 138-142). A supplemental

video hearing was held on July 23, 2024, at which Plaintiff appeared with counsel and testified. (Tr. 68-102).

By written decision dated August 23, 2024, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 20). Specifically, the ALJ found Plaintiff had the following severe impairments: Hashimoto's disease, Graves' disease, obesity, anxiety and depression. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 20). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CR 416.967(b) except limited to low stress jobs involving simple tasks, with no detailed or complex instructions and only occasional interaction with the public.

(Tr. 22). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a merchandise marker, a sorter, and a small product assembler. (Tr. 29).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who after reviewing additional evidence submitted by Plaintiff denied that request on August 14, 2025. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 12, 13).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be

affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

In her appeal brief, Plaintiff claims the ALJ's disability decision is not supported by substantial evidence. In making this claim, Plaintiff argues the following issues on appeal: 1) The ALJ's decision was not supported by substantial evidence; 2) The ALJ erred in determining Plaintiff's RFC; 3) The ALJ erred in the application of the relevant Code of Federal Regulations; and 4) The ALJ failed to give appropriate weight to Plaintiff's subjective complaints. (ECF No. 12). Defendant argues the ALJ properly considered all the evidence, and the decision is supported by substantial evidence. (ECF No. 13).

The Court has reviewed the entire transcript and the parties' briefs and finds that substantial evidence of record supports the ALJ's determination. In determining that Plaintiff maintained the RFC to perform light work with limitations, the ALJ considered the medical assessments of treating medical providers and non-examining agency medical consultants; Plaintiff's subjective complaints; witness statements, and her medical records. With each medical opinion, the ALJ stated how persuasive he found each opinion and articulated the basis for his finding. The ALJ also took Plaintiff's obesity into account when determining that Plaintiff could perform light work with limitations. *Heino v. Astrue*, 578 F.3d 873, 881-882 (8th Cir. 2009) (when an ALJ references

the claimant's obesity during the claim evaluation process, such review may be sufficient to avoid reversal). While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole, the Court finds Plaintiff failed to meet her burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant). After reviewing the record as a whole, the Court finds substantial evidence to support the ALJ's determination for the time period in question.

With respect to the ALJ's Step Five determination, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude her from performing work as a merchandise marker, a sorter, and a small product assembler. *Goff v. Barnhart,* 421 F.3d 785, 794 (8th Cir. 2005) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's arguments to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 13th day of May 2026.

/s/ *Christy Comstock*

CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

4